**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SAE INTERNATIONAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-00775-O |
| | § | |
| ERIC JEFFERIES, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ERIC JEFFERIES'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX UNDER SEAL**

**Use of Generative Artificial Intelligence**

Portions of this motion were prepared using generative artificial intelligence. Every quotation, citation, and record reference in this motion has been verified against the source text.

Defendant Eric Jefferies moves under Local Rule 79.3(b) for leave to file under seal his Sealed Supplemental Appendix in Support of Defendant Eric Jefferies's Motion to Dismiss, which contains a single exhibit: the International Standards Development, License, and Publication Agreement between SAE International and International Aerospace Quality Group A.I.S.B.L., dated May 12, 2022 ("Agreement"), in unredacted form. In support thereof, Jefferies states as follows:

1. SAE attached the Agreement to its Complaint as Exhibit A. (ECF No. 1-1). The version SAE filed is redacted in its entirety; no contract text appears on any of its fifty pages.

2. SAE states in a footnote that it hand-delivered an unredacted copy to the Court on June 24, 2026. (ECF No. 1, at 5 n.1).

3. Jefferies's motion to dismiss relies on the Agreement's terms. Because the operative exhibit is redacted, the provisions on which the motion depends cannot be verified from the record as it stands.

4. Jefferies therefore seeks leave to place the unredacted Agreement in the record, so that the provisions on which his motion depends are before the Court. The exhibit is the same document SAE filed, without the redactions.

5. Jefferies is not a party to the Agreement, but he is the President of IAQG, which is.

6. The Agreement contains a confidentiality article. Article 16.5 provides that "[n]either party shall disclose the existence or contents of this Agreement to third parties unless and to the extent this is agreed in writing in advance by both parties." (App. 101).

7. Article 16.2 extends that obligation to the parties' representatives, and Article 16.4 provides that the obligations survive termination of the Agreement for seven years. (App. 100-101).

8. Jefferies therefore does not place the Agreement in the public record on his own initiative. Sealing is the course Article 16.3(e) contemplates when disclosure is required in litigation: the disclosing party receives notice and an opportunity "to obtain confidential treatment for such disclosure." (App. 101).

9. Both parties have quoted portions of the Agreement in their public filings in this action and in the District of Columbia action. (ECF No. 1, ¶¶ 25-27; App. 7, 10, 74-80). Jefferies asserts no confidentiality interest of his own and does not contend that the Agreement's terms must be kept from the public. Whatever interest survives those disclosures belongs to SAE and to IAQG. Jefferies moves to seal so that he does not disregard that interest unilaterally.

10. The public has a common law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). Judicial records are public records, *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 416 (5th Cir. 2021), and sealing them is heavily disfavored, *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). Before sealing, the Court must undertake a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 521 (quoting *Binh Hoa Le*, 990 F.3d at 419). Any sealing must be "congruent to the need," *Binh Hoa Le*, 990 F.3d at 420, and must be explained at a level of detail permitting appellate review, *id.* at 419. Where redaction will serve, it is preferred as the less restrictive means. *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023).

11. Jefferies does not ask the Court to relax that standard. The interest on the nondisclosure side of the balance is not his own. It belongs to SAE, which designated the Agreement confidential and filed it redacted (ECF No. 1-1), and to IAQG, whose bargain with SAE Article 16 embodies. Jefferies asks the Court to decide how that interest is treated rather than resolving the question himself by filing the Agreement in the public record.

12. The relief sought is narrow. Jefferies asks to seal a single exhibit. He does not ask to seal this motion or any part of the public appendix filed with his motion to dismiss. He asks that the Agreement be sealed as a whole rather than in excerpts because the provisions bearing on the motion to dismiss appear in Articles 1, 3, 5, and 14 and in Appendix 1, and their meaning depends on the instrument read together.

13. Redaction, the less restrictive alternative, is not available here. Article 16.5 runs to the "contents of this Agreement" rather than to any subset of it (App. 101), so a partial redaction

would leave visible the provisions the parties agreed to keep confidential while withholding the context in which those provisions must be read.

14. Sealing a single exhibit in these circumstances is congruent to the need. *See Ahsani*, 76 F.4th at 454 (affirming a decision to seal documents in full rather than redact them in part, even though much of the information was already publicly known).

15. As Local Rule 79.3(c) permits, the proposed sealed document is attached to this motion.

16. It is paginated App. 85 through App. 134, continuing the numbering of the appendix filed with the motion to dismiss, so that no citation shifts whether leave is granted or denied.

17. Plaintiff does not oppose the relief requested herein.

18. Plaintiff's non-opposition does not displace the balancing the Fifth Circuit requires, but no party contends that the public interest is disserved by sealing a document that has never appeared in the record in readable form.

19. A proposed order is submitted with this motion.

WHEREFORE, Defendant Eric Jefferies respectfully requests that the Court grant this Motion, enter the accompanying proposed Order, and grant him leave to file under seal the Sealed Supplemental Appendix in Support of Defendant Eric Jefferies's Motion to Dismiss.

Respectfully submitted,

STEPTOE & JOHNSON PLLC

By: *<u>/s/ Melissa Dorman Matthews</u>*
Melissa Dorman Matthews
Texas Bar No. 00790603
melissa.matthews@steptoe-johnson.com
6900 N. Dallas Pkwy., Suite 600
Plano, Texas 75024
Phone: (214) 251-8509
Fax: (214) 393-4088

*Counsel for Defendant Eric Jefferies*

**CERTIFICATE OF CONFERENCE**

On September 8, 2026, the undersigned conferred with David Clem, counsel for SAE International, regarding the relief requested in this motion. SAE is unopposed.

*/s/ Melissa Dorman Matthews*
Melissa Dorman Matthews

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Melissa Dorman Matthews*
Melissa Dorman Matthews